UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUAN HERNANDEZ,

    Plaintiff,

v.                                        CASE No. 8:09-CV-2490-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain reversible error, the decision will be affirmed.

I.

The plaintiff, who was fifty-one years old at the time of the administrative decision and who has a twelfth-grade education (Tr. 159, 332).

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 13).

has worked as a firefighter, car detailer, and truck driver (Tr. 113). He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled due to chronic arthritis, diabetes, back and neck problems, heart attacks, high blood pressure, high cholesterol, and carpel tunnel syndrome (Tr. 154). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of osteoarthritis with chronic neck and lower-back pain, coronary artery disease, diabetes mellitus with neuropathy, history of carpal tunnel syndrome (status-post release), and asthma (Tr. 13). The law judge concluded that these impairments limited the plaintiff to a full range of light work. Specifically, the law judge determined that the plaintiff had the following residual functional capacity (Tr. 14):

> He can lift and carry 20# occasionally and 10# frequently. He can sit, stand and walk 6 hours in an 8 hour day, and has no limitations in his ability to push-pull with hand or foot controls. He has no manipulative, visual, communicative, postural, or environmental limitations. He can hear, understand, remember and carry out simple routine work instructions, and can interact appropriately

> with the general public, co-workers and supervisors.

The law judge decided that, despite these limitations, the plaintiff was capable of returning to prior relevant work as a truck driver distributing telephone directories (Tr. 18-19). Alternatively, he ruled that, based upon the plaintiff's residual functional capacity, age, education, and work experience, the medical-vocational guidelines directed a finding that the plaintiff was not disabled (Tr. 19). The Appeals Council let the law judge's decision stand as the final decision of the Commissioner.

## II.

A. In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3),

1382c(a)(3)(D). The Act provides further that a claimant is not disabled if he is capable of performing his previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence,

and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. See 20 C.F.R. 404.1520, 416.920. One of the threshold inquiries (step two) is whether a claimant has a severe impairment. 20 C.F.R. 404.1520(c), 416.920(c). An impairment is not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. 404.1521(a), 416.921(a). If an impairment is not severe, then a claimant is deemed to be not disabled. 20 C.F.R. 404.1520(c), 416.920(c).

When an impairment is severe, but does not meet, or equal, a listing in Appendix 1 (step three), a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 404.1520(f), 416.920(f) If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in significant numbers in the national economy. 20 C.F.R. 404.1520(g), 416.920(g). In such cases, the regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules, known as "guidelines" or "grids," that are appended to the regulations. 20 C.F.R. Part 404, Subpart P, Appendix 2.

### III.

The plaintiff challenges the law judge's decision on two grounds: (1) The law judge erred in finding that the plaintiff could perform his past relevant work as a truck driver, and (2) the law judge erred because he did not address the postural limitations opined by one of three nonexamining reviewing doctors. Neither of these contentions demonstrates reversible error.

The plaintiff has the burden at step four of the sequential analysis to show that he cannot return to prior work. Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001). The plaintiff testified that he had a commercial driver's license and that he had worked for several months as a truck driver (Tr. 342). The plaintiff in his testimony did not explain what he did as a truck driver. Similarly, in the work history form he signed he did not set forth what his truck driving duties involved (Tr. 129), although a work history form filled out by someone else indicated that the plaintiff, as a truck driver, carried sand and stones (Tr. 115).

The law judge expressly found that "[t]he claimant is capable of performing his past relevant work as [a] truck driver" (Tr. 18). The law judge acknowledged that, for the most part, the plaintiff could not return to past work because his prior jobs required at least medium exertion and the plaintiff was limited to light work. However, the law judge determined that the Dictionary of Occupational Titles (DOT) "includes among truck drivers the job of telephone-directory distributor (Job Number 906.683-018) and describes it as of light exertion" (id.). The plaintiff therefore could return to past work as a truck driver and was not disabled.

The plaintiff challenges the law judge's finding that the plaintiff could return to truck driving as a telephone book distributor on the ground that the plaintiff is not fluent in English. This contention is unpersuasive.

The plaintiff, who is from Puerto Rico, said that, in school, he had some basic English classes, but that he is not fluent in English, although he knows some words in English (Tr. 335). He acknowledged at the hearing that he had been in the continental United States for almost ten years (Tr. 335-36).

The law judge was obviously aware of the plaintiff's claim of lack of fluency in English since an interpreter was used at the hearing. The law judge nevertheless concluded that the plaintiff could return to work as a truck driver distributing telephone directories. This conclusion is reasonable and supported by evidence of the plaintiff's prior truck driving experience.

Under the regulations, the plaintiff's lack of fluency in English is not a factor to be considered in determining whether he could return to past work. The ability to communicate in English is an aspect of the vocational factor of education. 20 C.F.R. 404.1564(b), 416.964(b). And if a claimant has the residual functional capacity to perform past work, the vocational factor of education is not considered. 20 C.F.R. 404.1560(b)(3),

416.960(b)(3).² Consequently, under the regulations, the issue of the plaintiff's ability to communicate in English does not come into play in determining whether he can return to work as a truck driver.

Furthermore, this conclusion is supported not only by the regulations, but by common sense. It would appear to make no difference whether the plaintiff was delivering sand and stones or telephone directories; the plaintiff's job would simply be to deliver telephone directories, not read them (although seemingly the basic data of name, address, and telephone number would be the same in English or Spanish). Significantly, the plaintiff, who has the burden of proof at this step, has not shown otherwise.

The plaintiff's sole challenge to the finding that he could return to past work as a truck driver is based upon the plaintiff's lack of fluency in English. In light of the scheduling Order, any other challenge to that finding is deemed waived. The scheduling Order requires the plaintiff to "identify with particularity the discrete grounds upon which the administrative decision is being challenged" and to support any such challenge "by citations to the record of the pertinent facts and by citations of the governing legal standards" (Doc. 10, p. 2). Aside from the claim of lack of fluency in English, the

---

²It is noted also that, in this circumstance, the question of whether past work exists in significant numbers in the national economy is not considered.

plaintiff has not satisfied these requirements with respect to any other challenge, including a contention that the plaintiff did not work as a truck driver long enough for it to constitute past work, or that the job of telephone directory distributor is not the type of work the plaintiff previously performed. Accordingly, any such contentions are waived.

Nevertheless, it is appropriate to note, as the Commissioner points out, that the plaintiff has the burden to show that he cannot perform the kind of work that he previously engaged in, not simply that he cannot perform the specific job he previously held. Jackson v. Bowen, 801 F.2d 1291, 1293-94 (11th Cir. 1986). In Jackson, the Eleventh Circuit cited Jock v. Harris, 651 F.2d 133, 135 (2nd Cir. 1981), in which the court affirmed a holding that the plaintiff was not disabled because, although she could not return to her prior work as a supermarket cashier because it required prolonged standing, she could perform other cashier jobs that were sedentary in nature. This circumstance is analogous to the situation here. Since the plaintiff has not made any contention along these lines, he has obviously not cited any authority to the contrary.

In sum, the plaintiff only challenges the finding that the plaintiff can return to past work as a truck driver on the ground that he is not fluent in

English. That challenge fails because it is contrary to the regulations and common sense. In all events, the plaintiff has clearly not carried his burden to show that he is unable to return to his past work as a truck driver.

In light of the conclusion that the law judge's finding that the plaintiff can perform past work should be affirmed, it is unnecessary to assess his alternative finding at step five that there are other jobs in the national economy that the plaintiff can perform. Significantly, the Commissioner did not discuss that finding (see Doc. 22, p. 7).

The plaintiff's second contention is that the law judge "erred by failing to address the postural limitations contained in the opinion of Dr. Carter [sic] and by failing to use a vocational expert" (Doc. 20, p. 7).[3] The record contains the opinion of Dr. Gary Cater, a nonexamining reviewing doctor, who opined that the plaintiff could perform light work, but had postural limitations which prohibited him from climbing ladders, ropes or scaffolds, and permitted him to only occasionally climb ramps or stairs, balance, stoop, kneel, crouch or crawl (Tr. 238, 239). The law judge did not

---

[3]Both parties refer to the reviewer as Dr. Carter (Docs. 20, 22). The record demonstrates that the opinion was signed by "Gary Cater D.O." (Tr. 244). Thus, this Order will refer to the consultant as Dr. Cater, not Dr. Carter.

discuss that opinion. The plaintiff argues that this failure violates Social Security Ruling 96-6p, 1996 WL 374180 (S.S.A.), and warrants reversal.

While the lack of compliance with Social Security Ruling 96-6p does not support reversal since such rulings do not have the force of law, Miller v Commissioner of Social Security, 246 Fed. Appx. 660, 662 (11th Cir. 2007)(unpub. dec.), the regulations contain the same directive. 20 C.F.R. 404.1527(f)(2)(ii), 416.927(f)(2)(ii). However, for several reasons, the law judge's failure to discuss Dr. Cater's opinion does not constitute reversible error.

In the first place, the plaintiff raises the issue regarding Dr. Cater's opinion in connection with the argument that the opinion set forth postural limitations that precluded the law judge at step five from relying upon the grids and required the testimony of a vocational expert (Doc. 20, pp. 8-10). However, in light of the determination that the law judge reasonably found that the plaintiff could return to past work at step four, the question of whether a vocational expert was required at step five is immaterial. Furthermore, since the plaintiff limited his issue regarding Dr. Cater's opinion to his argument regarding step five, that issue is similarly immaterial.

Moreover, even if the plaintiff's contention regarding Dr. Cater's opinion could somehow be stretched to cover the finding at step four, the law judge's failure to comply with the regulations would not rise to the level of reversible error. The Commissioner asserts with some force that Dr. Cater's opinion regarding postural limitations falls under the principle that the law judge is not required to refer in his decision to every piece of evidence. Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005).

The Eleventh Circuit has said that, in general, opinions of nonexamining reviewing doctors, such as Dr. Cater, are the least weighty of opinions from medical sources. Broughton v. Heckler, 776 F.2d 960, 962 (11th Cir. 1985). In this case, there were three opinions from nonexamining reviewing doctors (Tr. 237, 266, 274). All of them, like the law judge, concluded that the plaintiff could perform light work (Tr. 238, 267, 275). Two of them opined that the plaintiff had no postural limitations (Tr. 268, 276), and only Dr. Cater thought that the plaintiff had some postural limitations (Tr. 239). Moreover, the plaintiff has not pointed to any opinion by a treating or examining doctor stating that the plaintiff had postural limitations.

The law judge expressly found that the plaintiff had no postural limitations (Tr. 14). Further, the law judge said that he concurred with the opinion of one of the two nonexamining reviewing doctors who said that the plaintiff had no postural limitations (Tr. 18). These circumstances show that the law judge considered the matter of postural limitations and that there is an appropriate basis for judicial review.

Significantly, the law judge discussed the medical evidence in detail and evaluated that evidence (Tr. 15-18). The law judge's task and his decision would be unduly burdened if he had to comment on each of the six sections (with numerous subparts) of each of the three Physical Residual Functional Capacity Assessment forms filled out by the nonexamining reviewing doctors. Consequently, the principle that the law judge does not have to refer to every piece of evidence in his decision is appropriately applied with respect to those forms in this case.

In all events, even assuming the plaintiff's contention regarding Dr. Cater's opinion extends to step four involving past work, and assuming that the law judge erred in not discussing that opinion, the Commissioner has administered the *coup de grace* to any argument that the error warrants reversal. As the Commissioner points out, the demands of the job of

telephone directory distributor do not require any actions that are greater than the postural limitations opined by Dr. Cater (Doc. 22, p. 6). Compare DOT 906.683-018, 1991 WL 687716 (G.P.O.) with Tr. 239. This may have been the reason the plaintiff did not raise the law judge's lack of discussion of Dr. Cater's opinion in connection with his challenge to the finding that the plaintiff could return to past work. Regardless, the fact that the postural limitations opined by Dr. Cater would not preclude the plaintiff from performing the job of telephone directory distributor defeats any argument that the law judge's failure to discuss that opinion was reversible error.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 22nd day of December, 2010.

*[signature]*

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE